KM

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Yusuf Fard,

      Plaintiff,

vs.

Joseph M. Arpaio, et al.,

      Defendants.

No. CV 11-2582-PHX-DGC (ECV)

**ORDER**

Plaintiff Yusuf Fard, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

## I.   Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $33.10. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

JDDL-K

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would

1   undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225,

2   231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was

3   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint

4   for failure to state a claim, but because the Complaint may possibly be saved by amendment,

5   will dismiss the Complaint with leave to amend.

6   **III.   Complaint**

7   　　　Plaintiff names the following Defendants in the Complaint: Maricopa County Sheriff

8   Joe Arpaio, Commander Edward Cessolini, and Sergeant Tenny.  Plaintiff raises three claims

9   for relief.

10   　　　In Count I, Plaintiff claims that on October 10, 2011, his diabetic meal was not on the

11   food cart.  Plaintiff states that Detention Officer King told Plaintiff he would "look into it."

12   Plaintiff claims that he waited more than two hours for his meal, eventually fell asleep, and

13   woke up the next morning without having had dinner.  Plaintiff also states that he is diabetic

14   and needs to eat regularly.  Finally, Plaintiff alleges that Defendant Cessolini denied his

15   grievance on the matter and threatened Plaintiff with administrative sanctions.

16   　　　In Count II, Plaintiff claims that on November 7, 2011, he was not administered his

17   insulin and his blood glucose was not monitored "because of neglect of procedure."

18   　　　In Count III, Plaintiff claims that during a morning check, he was praying next to his

19   bed when a detention officer spoke loudly to him.  Plaintiff claims that the detention officer

20   threatened Plaintiff with going to "the hole" and that he was later transferred to different

21   cells.  Plaintiff further alleges that Defendant Tenny at first refused to sign Plaintiff's

22   grievance on the issue, and then later signed the grievance but took no action on it.

23   　　　Plaintiff seeks injunctive relief and money damages.

24   **IV.   Failure to State a Claim**

25   　　　Section 1983 provides a cause of action against persons acting under color of state law

26   who have violated rights guaranteed by the United States Constitution and federal law.  42

27   U.S.C. § 1983; <u>see also</u> <u>Buckley v. City of Redding</u>, 66 F.3d 188, 190 (9th Cir. 1995).

28   Plaintiff has failed to allege any constitutional or federal-law violations.  The Court will

JDDL-K                                                                    - 3 -

1  dismiss without prejudice Plaintiff's Complaint because it fails to state a claim.

2  Even if Plaintiff had alleged a constitutional violation, Plaintiff's allegations do not

3  support claims for relief under § 1983.

4  **A.    Count I**

5  A pretrial detainee's claim for unconstitutional conditions of confinement arises from

6  the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment

7  prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535 and

8  n.16 (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant

9  acted with deliberate indifference.  See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

10  Deliberate indifference is a higher standard than negligence or lack of ordinary due

11  care for the prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  To state a claim

12  of deliberate indifference, plaintiffs must meet a two-part test.  First, the alleged

13  constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or

14  omission must result in the denial of "the minimal civilized measure of life's necessities."

15  Id. at 834.  Second, the prison official must have a "sufficiently culpable state of mind," i.e.,

16  he must act with deliberate indifference to inmate health or safety.  Id.  In defining

17  "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

18  "the official must both be aware of facts from which the inference could be drawn that a

19  substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837

20  (emphasis added).

21  In Count I, Plaintiff has not alleged facts sufficient to show that any of the Defendants

22  were deliberately indifferent to a threat to Plaintiff's safety.  Plaintiff has demonstrated, at

23  best, that Detention Officer King, who is not named as a Defendant in this case, may have

24  been negligent in failing to promptly provide Plaintiff with his meal after discovering

25  Plaintiff's meal was not on the cart.  Negligence is not sufficient to state a Fourteenth

26  Amendment claim.  Further, a one-time failure to provide Plaintiff with a meal simply does

27  not rise to the level of a constitutional violation.

28

### B.    Count II

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of

1   "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

2       As with Count I, Plaintiff has failed to allege facts showing that any of the named
3   Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff has
4   shown only that an unidentified individual may have been negligent in failing to provide
5   Plaintiff with insulin and glucose monitoring on one day. Plaintiff has failed to state a claim
6   in Count II.

7       **C.    Count III**

8       Prisoners retain the First Amendment right directing that no law shall prohibit the free
9   exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Henderson v.
10  Terhune, 379 F. 3d 709 (9th Cir.2004). To state a First Amendment, free-exercise-of-
11  religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff's
12  religion by preventing him from engaging in a sincerely held religious belief and that the
13  defendant did so without any justification reasonably related to legitimate penological
14  interests. Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

15      In Count III, Plaintiff has failed to allege facts showing that the practice of his religion
16  was burdened without a legitimate penological purpose. Plaintiff has therefore failed to state
17  a claim in Count III.

18      **D.    Defendant Arpaio**

19      To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
20  injury as a result of specific conduct of a defendant and show an affirmative link between the
21  injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
22  (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
23  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
24  does not impose liability. Monell v. New York City Department of Social Services, 436 U.S.
25  658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,
26  880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens
27  and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the
28  official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

1    Plaintiff has not alleged that Defendant Arpaio personally participated in a deprivation

2  of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed

3  policies that resulted in Plaintiff's injuries.  Plaintiff has therefore failed to state a claim

4  against Defendant Arpaio.

5         **E.    Grievances**

6    The mere denial of a grievance does not give rise to the inference of active

7  unconstitutional behavior.   Where a defendant's only involvement in the allegedly

8  unconstitutional conduct is the denial of administrative grievances, the failure to intervene

9  on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active

10 unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th

11 Cir. 1999), cert. denied, 530 U.S. 1264 (2000).   Accordingly, Plaintiff has failed to state a

12 claim against Defendants Cessolini and Tenny.

13 **V.    Leave to Amend**

14    For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

15 a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

16 amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

17 Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

18 to use the court-approved form, the Court may strike the amended complaint and dismiss this

19 action without further notice to Plaintiff.

20    If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

21 telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

22 the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

23 (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

24 constitutional right;  and (5) what specific injury Plaintiff suffered because of that

25 Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

26    Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff

27 fails to affirmatively link the conduct of each named Defendant with the specific injury

28 suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

1  state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**
2  **violated a constitutional right are not acceptable and will be dismissed**.

3  Plaintiff must clearly designate on the face of the document that it is the "First
4  Amended Complaint."  The first amended complaint must be retyped or rewritten in its
5  entirety on the court-approved form and may not incorporate any part of the original
6  Complaint by reference.  Plaintiff may include only one claim per count.

7  A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
8  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
9  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as
10  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
11  complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d
12  565, 567 (9th Cir. 1987).

13  **VI.    Warnings**

14      **A.    Release**

15  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
16  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
17  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
18  in dismissal of this action.

19      **B.    Address Changes**

20  Plaintiff must file and serve a notice of a change of address in accordance with Rule
21  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
22  relief with a notice of change of address.  Failure to comply may result in dismissal of this
23  action.

24      **C.    Copies**

25  Plaintiff must submit an additional copy of every filing for use by the Court.  See
26  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
27  to Plaintiff.

28

1

### D.     Possible "Strike"

2       Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

3  to file an amended complaint correcting the deficiencies identified in this Order, the

4  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

5  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

6  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

7  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

8  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

9  or fails to state a claim upon which relief may be granted, unless the prisoner is under

10  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

11

### E.     Possible Dismissal

12       If Plaintiff fails to timely comply with every provision of this Order, including these

13  warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

14  1260-61 (a district court may dismiss an action for failure to comply with any order of the

15  Court).

16  **IT IS ORDERED:**

17       (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

18       (2)     As required by the accompanying Order to the appropriate government agency,

19  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $33.10.

20       (3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has

21  **30 days** from the date this Order is filed to file a first amended complaint in compliance with

22  this Order.

23       (4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

24  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

25  that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

26  . . .

27  . . .

28  . . .

JDDL-K                                                   - 9 -

1        (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

2  rights complaint by a prisoner.

3        DATED this 22nd day of February, 2012.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:   **OR**   <u>Tucson Division</u>:
U.S. District Court Clerk                       U.S. District Court Clerk
U.S. Courthouse, Suite 130               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119            Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name: _____
Address:_____
       Attorney for Defendant(s)
_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)     Plaintiff,   )
                      )
       vs.          ) **CASE NO.** _____
                      )       (To be supplied by the Clerk)
(1)_____, )
(Full Name of Defendant)        )
(2)_____, )
                      ) **CIVIL RIGHTS COMPLAINT**
(3)_____, ) **BY A PRISONER**
                      )
(4)_____, ) ☐ Original Complaint
         Defendant(s).   ) ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. ) ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                1                              **550/555**

## B.  DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
   _____ at _____.
   <span>(Position and Title)</span>        <span>(Institution)</span>

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____ at _____.
   <span>(Position and Title)</span>        <span>(Institution)</span>

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____ at _____.
   <span>(Position and Title)</span>        <span>(Institution)</span>

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
   <span>(Position and Title)</span>        <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2. If yes, how many lawsuits have you filed? _____ .  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
   _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count I?        ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    - ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    - ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    - ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail            ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                              ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?   ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                                 SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.